1          IN THE UNITED STATES DISTRICT COURT

2          FOR THE NORTHERN DISTRICT OF TEXAS

3                    DALLAS DIVISION

4
UNITED STATES OF AMERICA,    )          3:14-CR-367-B
5              Government,    )
                             )
6                            )
VS.                          )          DALLAS, TEXAS
7                            )
                             )
8  RHONDA LONG,              )
               Defendant.    )          January 16, 2015
9

10

11          TRANSCRIPT OF REARRAIGNMENT HEARING

12          BEFORE THE HONORABLE IRMA C. RAMIREZ

13              UNITED STATES MAGISTRATE JUDGE

14

A P P E A R A N C E S:
15

16

FOR THE GOVERNMENT:          MR. P.J. MEITL
17                           UNITED STATES DEPARTMENT OF JUSTICE
                             NORTHERN DISTRICT OF TEXAS
18                           U.S. Courthouse, Third Floor
                             1100 Commerce Street
19                           Dallas, Texas  75242
                             philip.meitl@usdoj.gov
20                           (214) 659-8680

21

22

23

24

25

```
 1    FOR THE DEFENDANT:          MR. CHARLES F. ALLAN
                                  McShane & Davis LLP
 2                                Campbell Centre Tower I
                                  8350 N. Central Expressway
 3                                Suite 1200
                                  Dallas, Texas  75206
 4                                allanlaw@swbell.net
                                  (214) 365-9007
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19    COURT REPORTER:            MR. TODD ANDERSON, RMR, CRR
                                  United States Court Reporter
20                                1100 Commerce St., Rm. 1625
                                  Dallas, Texas  75242
21                                (214) 753-2170

22

23         Proceedings reported by mechanical stenography and

24    transcript produced by computer.

25
```

```
 1                REARRAIGNMENT HEARING - JANUARY 16, 2015
 2                         P R O C E E D I N G S
 3               THE COURT:  United States versus Rhonda Long,
 4     3:14-CR-367-B.
 5               MR. MEITL:  P.J. Meitl for the Government, Your
 6     Honor.
 7               MR. ALLAN:  Charles Allan for the Defendant.
 8               (Pause)
 9               THE COURT:  Ms. Long, if you would please raise your
10     right hand and be sworn.
11               (The Defendant was sworn)
12               THE COURT:  You can put your hand down.
13               Do you understand that you are now under oath and
14     that if you answer any of my questions falsely that you could
15     later be prosecuted for perjury or making a false statement?
16               THE DEFENDANT:  Yes.
17               THE COURT:  Tell me your whole name for the record.
18               THE DEFENDANT:  Rhonda Stacey Long.
19               THE COURT:  How old are you, ma'am?
20               THE DEFENDANT:  51.
21               THE COURT:  How much education have you had?
22               THE DEFENDANT:  Two years of college.
23               THE COURT:  Within the last six months have you been
24     under the care of any doctor?
25               THE DEFENDANT:  Yes.
```

1      THE COURT:  Does the condition for which you've been

2  under the care of a doctor in any way ever affect your ability

3  to understand where you are or what you are doing at any time?

4      THE DEFENDANT:  No.

5      THE COURT:  Have you ever been hospitalized or

6  treated for narcotics addiction or alcoholism?

7      THE DEFENDANT:  No.

8      THE COURT:  And have you ever been diagnosed with any

9  emotional or mental disability or problem?

10      THE DEFENDANT:  No.

11      THE COURT:  Are you now under the influence of

12  alcohol or any drug?

13      THE DEFENDANT:  No.

14      THE COURT:  Is there anything that you know of that

15  might in any way affect your ability to understand why you are

16  here today and what you are going to do?

17      THE DEFENDANT:  No.

18      THE COURT:  Are you comfortable that you do fully

19  understand what it is you are here for?

20      THE DEFENDANT:  Yes.

21      THE COURT:  Counsel, any reason to believe that

22  Ms. Long is not fully competent to enter her plea of guilty?

23      MR. ALLAN:  No reason.

24      THE COURT:  Do you believe her plea will be a knowing

25  and voluntary plea?

1              MR. ALLAN:  I do.

2              THE COURT:  Ms. Long, you have the right to enter

3    your plea of guilty before the District Judge assigned to your

4    case, but you can agree to have a magistrate judge take your

5    plea and make a recommendation to the Judge that she either

6    accept or reject your plea.

7              I have here a signed notice and consent form that I'm

8    holding up.  Can you see the signature here at the bottom?

9              THE DEFENDANT:  Yes, ma'am.

10             THE COURT:  Is this your signature?

11             THE DEFENDANT:  Yes, it is.

12             THE COURT:  Did you read the notice and consent

13   before you signed it?

14             THE DEFENDANT:  Yes, I did.

15             THE COURT:  Did you discuss it with Mr. Allan?

16             THE DEFENDANT:  Yes, I did.

17             THE COURT:  Do you still wish to go forward today

18   before a magistrate judge?

19             THE DEFENDANT:  Yes.

20             THE COURT:  I find that consent has been given

21   knowingly and voluntarily, and we will proceed with the

22   proposed plea.

23             You have the right to plead not guilty to any offense

24   charged against you, and if you plead not guilty the

25   Constitution guarantees you certain rights:  the right to a

1   speedy and public trial by a jury in this district; the right

2   at trial for you to see, hear, and cross-examine all witnesses

3   against you; the right to use the power and process of the

4   Court to compel the attendance of witnesses and production of

5   evidence in your favor; the right to the assistance of an

6   attorney at all stages of the proceedings.  If you cannot

7   afford an attorney, one will be appointed for you.

8           You could not be compelled to testify at trial.

9   Whether or not you would testify would be your decision.  The

10  Government would have to prove your guilt beyond a reasonable

11  doubt.  And if you were convicted, you would have the right to

12  appeal.

13          Do you understand that you have and are guaranteed

14  each of these rights?

15          THE DEFENDANT:  Yes.

16          THE COURT:  On the other hand, if you plead guilty

17  and if the District Judge accepts your plea, there is not going

18  to be a trial.  By pleading guilty, you are giving up that

19  right as well as those other rights that go with a trial that I

20  just described.  If you plead guilty, you will be convicted of

21  the offense charged in Count Three of the indictment.

22          Do you understand the consequences of pleading

23  guilty?

24          THE DEFENDANT:  Yes.

25          THE COURT:  In Federal court it is the Judge who

1   decides the sentence whether a Defendant is convicted by a jury

2   or upon a plea of guilty.  The United States Sentencing

3   Commission issued guidelines for judges to follow to decide the

4   appropriate sentence in a criminal case.  The Supreme Court

5   later found that those guidelines were not mandatory, only

6   advisory.  That means that the Judge has to consider how the

7   guidelines might apply in your case, but she's not required to

8   follow them.

9           Have you and Mr. Allan talked about these guidelines

10  and how they might apply in your case?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Even so, do you understand that you

13  should not depend or rely upon any statement or assurance by

14  anyone as to what sentence you will get because only the Judge

15  can make that decision?

16          THE DEFENDANT:  Yes, ma'am.

17          THE COURT:  The Judge won't make her decision until

18  after a presentence report has been prepared by the Probation

19  Office.  To prepare that report, the Probation Office will

20  interview you as well as the agents of the Government about the

21  facts of the case.  The officer may also consider a document

22  filed in this case called a factual resume.  It lists facts

23  that are agreed between you and the Government.  You should

24  know that the probation officer is not limited to this

25  document.  The officer can consider facts that are not listed

1    in the factual resume and disregard facts that are.  If that

2    happens, you may not be permitted to withdraw your plea of

3    guilty.  You will, however, have an opportunity through your

4    attorney to object to the presentence report.  In order to

5    decide your sentence, the Judge will consider the report, your

6    objections, and any evidence presented at the sentencing

7    hearing.

8              You do have the right to appeal whatever sentence you

9    get unless you give up that right.  In some cases the

10   Government also has the right to appeal.

11             Parole has been abolished, so if you are sentenced to

12   prison, you will not be released on parole.

13             Do you understand generally how the process of

14   sentencing works?

15             THE DEFENDANT:  Yes, ma'am.

16             THE COURT:  And you've got Mr. Charles Allan

17   appearing with you today as your attorney.  Have you had a full

18   opportunity to talk to him about your case and your proposed

19   plea of guilty?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Are you fully satisfied with the

22   representation and advice that you have received from Mr. Allan

23   in connection with your case and your proposed plea of guilty?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Did you get a copy of the indictment?

1

2          THE DEFENDANT:  No, ma'am.

3          THE COURT:  Okay.  Have you seen the indictment or

4    gone over it with Mr. Allan?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  You have the right to have Count Three

7    read out loud to you at this time, but you may waive the

8    reading.  What would you like to do?

9          THE DEFENDANT:  Waive it.

10          THE COURT:  I am going to ask the Assistant United

11   States Attorney to set out what we call the essential elements

12   of the offense.  This is what the Government would have to

13   prove at trial to convict you on this charge.  And I will ask

14   you some questions about the elements when he's done.

15          Mr. Meitl?

16          MR. MEITL:  Thank you, Your Honor.

17          The Government would have to prove first that the

18   individual knowingly possessed the mixture or substance

19   containing a detectable amount of methamphetamine;

20          Second:  That the substance was in fact a mixture or

21   substance containing a detectable amount of methamphetamine;

22          And third:  That the individual possessed the

23   substance with the intent to distribute it.

24          THE COURT:  Do you understand each of these essential

25   elements?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you admit that you committed each of

3   these essential elements?

4          THE DEFENDANT:  Yes.

5          THE COURT:  A defendant who is accused of a crime

6   cannot plead guilty unless he is actually guilty of that crime.

7   If you plead guilty, your plea should not be prompted or

8   induced by any promises, pressure, threats, force, or coercion

9   of any kind.  A plea of guilty has to be purely voluntary, and

10  you should plead guilty only because you are guilty and for no

11  other reason.

12         Has anyone in any way tried to make you or get you to

13  plead guilty in this case?

14         THE DEFENDANT:  No.

15         THE COURT:  I have here the plea agreement that was

16  filed on December 12th.  Do you have a copy there before you?

17         (Pause)

18         THE DEFENDANT:  I do now.

19         THE COURT:  All right.  Please look with me at pages

20  6 and 7 and tell me if that is your signature above the typed

21  name on each page.

22         THE DEFENDANT:  Yes.

23         THE COURT:  Before you signed the plea agreement, did

24  you fully read it?

25         THE DEFENDANT:  Yes, I did.

1    THE COURT:  Did you discuss it with Mr. Allan and ask

2  him any questions you had about it?

3    THE DEFENDANT:  Yes, I did.

4    THE COURT:  Were you comfortable that you fully

5  understood everything set out in the plea agreement before you

6  signed it?

7    THE DEFENDANT:  Yes.

8    THE COURT:  Are all of the terms of your agreement

9  with the Government set out in this written document?

10    THE DEFENDANT:  Yes, ma'am.

11    THE COURT:  I would like to go over some of these

12  terms with you.

13    On page 3, in paragraph 7, there's an agreement by

14  you to give up all right, title, and interest you have in any

15  property that was seized during the investigation that led to

16  this indictment and not to challenge the Government's taking of

17  that property through any type of proceeding.

18    Did you voluntarily and of your own freewill agree to

19  give up your rights to that property and to let the Government

20  take it?

21    THE DEFENDANT:  I had a question on that.

22    THE COURT:  Certainly.

23    THE DEFENDANT:  And, that is, they took my jewelry

24  off of me that was sentimental jewelry, and they kept it at the

25  evidence locker.  Dallas police did.

 1          MR. MEITL:  Your Honor, the Government has no

 2    intention of seizing that property.  It will be returned to her

 3    upon her release from prison, I assume.  It's not listed in the

 4    forfeiture order, nor is it going to be administratively

 5    forfeited by the Government.

 6          THE COURT:  Let's clarify that.

 7          THE DEFENDANT:  Thank you.

 8          THE COURT:  Paragraph 7 applies to the property that

 9    was noted as subject to forfeiture in the indictment or that

10    was seized or retained by law enforcement officers during the

11    investigation.

12          Now, it's one thing to take your personal property

13    and to put it in the envelope when you're taken into custody

14    along with your clothing.  It's a different matter to have

15    seized it for purposes of the investigation.

16          THE DEFENDANT:  They also seized $2,800.00 --

17          THE COURT:  Okay.

18          THE DEFENDANT:  -- that was from a Social Security

19    check.

20          THE COURT:  Mr. Allan, would you like to visit with

21    your client for a few minutes about this matter?

22          MR. ALLAN:  No, Your Honor.  There is a civil

23    forfeiture action being taken by Dallas Police Department, not

24    by the U.S. Attorney's Office.  And so I don't believe this

25    plea agreement binds the Dallas Police Department or her with

1     regard to contesting that.

2           THE DEFENDANT:  I'm just trying to make sure it

3     doesn't --

4           MR. ALLAN:  I believe she does want to contest the

5     civil forfeiture action by the Dallas Police Department, but --

6           THE DEFENDANT:  And I wasn't sure if it included

7     this.

8           THE COURT:  Well, it does say to the United States.

9           THE DEFENDANT:  Okay.

10          THE COURT:  And I'm glad that you asked that, and

11    let's get it clear on the record.  As I read your plea

12    agreement, it is limited to the United States.

13          THE DEFENDANT:  Okay.

14          THE COURT:  All right.  Any other questions about

15    that one?

16          THE DEFENDANT:  No, ma'am.

17          THE COURT:  So with regard to the United States, did

18    you voluntarily and of your own freewill agree to give up your

19    rights to any property that was seized by the Federal

20    Government?

21          THE DEFENDANT:  Yes.

22          THE COURT:  On page 4, in paragraph 8, there is an

23    agreement by the Government not to bring any additional charges

24    against you based on the underlying conduct and to dismiss

25    after sentencing any remaining charges in the pending

1  indictment.

2          Because your plea agreement has these promises by the

3  Government, the District Judge has to decide whether she will

4  accept it.  If the Judge does not accept your plea agreement,

5  you will have the opportunity to withdraw your plea of guilty

6  and to change it to not guilty.

7          Do you understand that this is an option if the Judge

8  does not accept your plea agreement?

9          THE DEFENDANT:  Yes, ma'am.

10         THE COURT:  On page 5, in paragraph 11, there's a

11 waiver of right to appeal.  As I explained earlier, you do have

12 that right unless you give it up.  Do you understand that in

13 paragraph 11 you've agreed to give up your right to appeal

14 except for limited circumstances that are listed in that

15 paragraph?

16         THE DEFENDANT:  Yes, ma'am.

17         THE COURT:  Paragraph 11 also has a waiver of right

18 to otherwise challenge sentence.  You can challenge your

19 sentence through what we call a writ of habeas corpus or a

20 motion to vacate sentence.

21         Do you understand that in paragraph 11 you've also

22 agreed to give up that right except in the limited

23 circumstances that are listed there?

24         THE DEFENDANT:  Yes, ma'am.

25         THE COURT:  Do you understand that you've only

1    reserved your right to bring a direct appeal of a sentence

2    exceeding the statutory maximum punishment or an arithmetic

3    error at sentencing, to challenge the voluntariness of your

4    plea of guilty or this waiver, or to bring a claim of

5    ineffective assistance of counsel?

6              THE DEFENDANT:  Yes, ma'am.

7              THE COURT:  Did you voluntarily and of your own

8    freewill agree to give up your rights to appeal or to otherwise

9    challenge your sentence?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Other than this written plea agreement,

12   has anyone made you any promises or assurances of any kind in

13   order to get you to plead guilty?

14             THE DEFENDANT:  No, ma'am.

15             THE COURT:  By signing the plea agreement, are you

16   asking that the Court approve and accept it?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  Do you understand that you're pleading

19   guilty to a felony and that conviction of a felony could

20   deprive you of valuable rights of citizenship, such as the

21   right to vote and the right to own a gun?

22             THE DEFENDANT:  Yes.

23             THE COURT:  In addition to that, you will face

24   certain penalties and consequences if convicted on this charge.

25   Mr. Meitl is going to set those out.

1          MR. MEITL:  Yes, Judge.

2          The maximum penalties the Court can impose for Count

3    Three of the indictment include imprisonment for a period of

4    not more than 20 years; a fine not to exceed $1 million or

5    twice any pecuniary gain to the Defendant or loss to the

6    victims; a term of supervised release of not less than three

7    years, which is mandatory under the law and will follow any

8    term of imprisonment; if Ms. Long violates the conditions of

9    supervised release, she could be imprisoned for the entire term

10   of supervised release; a mandatory special assessment of

11   $100.00; restitution to victims or to the community which

12   Ms. Long agrees will include restitution arising from all

13   relevant conduct and not limited to that arising from the

14   offense of conviction alone; and costs of incarceration and

15   supervision.

16          THE COURT:  Do you understand, Ms. Long, that if you

17   plead guilty you will be subject to these penalties and

18   consequences?

19          THE DEFENDANT:  Yes, ma'am.

20          THE COURT:  Do you understand that if the sentence

21   you get is more than what you expect it to be you will still be

22   bound by your plea of guilty?

23          THE DEFENDANT:  Yes, ma'am.

24          THE COURT:  Having heard all of this, how do you

25   plead to Count Three of the indictment, guilty or not guilty?

1          THE DEFENDANT:  Guilty.

2          THE COURT:  Before I can recommend to Judge Boyle

3   that she accept your plea, I have to find that there are enough

4   facts to support it.

5          I have here a factual resume that was filed on

6   December 12th.  Do you have a copy there?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Please look with me at page 2 and tell me

9   if that is your signature above your typed name on that page.

10          THE DEFENDANT:  Yes, it is.

11          THE COURT:  Before you signed the factual resume, did

12   you fully read it?

13          THE DEFENDANT:  Yes, I did.

14          THE COURT:  Did you fully discuss it with Mr. Allan

15   and ask him any questions you had about it?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Were you comfortable that you fully

18   understood everything set out in the factual resume before you

19   signed it?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Are the facts that are listed here true

22   and correct?

23          THE DEFENDANT:  Yes.

24          THE COURT:  You have the right to have these facts

25   read out loud to you at this time, but you may waive the

1    reading of the factual resume.  What would you like to do?

2              THE DEFENDANT:  Waive it.

3              THE COURT:  Being satisfied with the responses given

4    during this hearing, I make the following finding on the

5    record:

6              In the case of the United States of America versus

7    Rhonda Long, Case 3:14-CR-367-B, Ms. Long is fully competent

8    and capable of entering an informed plea.  Her plea of guilty

9    to Count Three of the indictment is a knowing and voluntary

10   plea supported by an independent basis in fact that contains

11   each of the essential elements of the offense charged in Count

12   Three of the indictment.

13             The Court, therefore, recommends that her plea of

14   guilty be accepted, and if it is, she will be adjudged guilty

15   of the offense charged in Count Three of the indictment.

16             I have signed a written recommendation to Judge Boyle

17   that she accept your plea of guilty, and a copy was just served

18   on you.  If you have any objection to that recommendation, you

19   will have 14 days from today to file those objections through

20   your attorney.

21             As I explained earlier, the Probation Office will now

22   prepare the presentence report to help the District Judge at

23   sentencing.  You will be asked to give information for that

24   report, and your degree of cooperation could be a factor in the

25   severity of your sentence.

1    Through your attorney, you will get a copy of that

2  report well before sentencing, and through him you will have

3  the opportunity to file any objections that you think are

4  appropriate.

5    You are scheduled for sentencing before Judge Boyle

6  on May 7th at 1:30.

7    The presentence report is due by April 2nd.

8    Any objections are due by April 16th.

9    Any addendum is due by April 23rd.

10    And any objections to the addendum are due by April

11  30th.

12    A scheduling order will issue that has all of these

13  dates and times.

14    Ms. Long, do you have any questions about anything we

15  have covered here today?

16    THE DEFENDANT:  No, ma'am.

17    THE COURT:  Mr. Allan, anything else the Court should

18  address?

19    MR. ALLAN:  No, Your Honor.

20    THE COURT:  Mr. Meitl?

21    MR. MEITL:  No, Your Honor.

22    THE COURT:  Good luck to you, Ms. Long.

23    THE DEFENDANT:  Thank you.

24    THE COURT:  We are adjourned as to this matter.

25  Counsel are excused if they have no further matters before the

1  Court.

2       (Hearing adjourned)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          INDEX

2    Essential elements read.................................. 16

3    Plea received........................................... 17

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        I, TODD ANDERSON, United States Court Reporter for the

2   United States District Court in and for the Northern District

3   of Texas, Dallas Division, hereby certify that the above and

4   foregoing contains a true and correct transcription of the

5   proceedings in the above entitled and numbered cause.

6        WITNESS MY HAND on this 22nd day of June 2015.

7

8

9
                              /s/Todd Anderson
10                            TODD ANDERSON, RMR, CRR
                              United States Court Reporter
11                            1100 Commerce St., Rm. 1625
                              Dallas, Texas  75242
12                            (214) 753-2170

13

14

15

16

17

18

19

20

21

22

23

24

25