UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0367-B-2 |
| | § | |
| RHONDA LONG, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Rhonda Long's Motion for Compassionate Release Under [18 U.S.C. §] 3582(c)(1)(A) (Doc. 3451). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Long pleaded guilty to possession of a controlled substance with intent to distribute and aiding and abetting, the Court sentenced her to 188 months of imprisonment and three years of supervised release. Doc. 899, J., 1–3. Long, who is now fifty-seven years old, is serving her sentence at Carswell Federal Medical Center (FMC). Her scheduled release date is April 2, 2028.[1] As of March 11, 2021, Carswell FMC reports three active and 768 recovered cases of COVID-19 among

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed March 11, 2021).

its inmates.² On January 26, 2021, Long filed the pending motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 3451, Def.'s Mot., 1. The Court reviews Long's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, '[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

A. *Long Has Not Demonstrated Proof of Exhaustion.*

Long's request for compassionate release is denied because she has not proven that she satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

---

² The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed March 11, 2021).

§ 3582(c)(1)(A).[3]

Long does not allege that she requested compassionate release from the warden of Carswell FMC before she filed her motion in this Court, let alone *prove* that she did so. *See generally* Doc. 3451, Def.'s Mot. Without evidence that Long complied with the exhaustion requirement, Long's request for compassionate release fails. *E.g.*, *United States v. Broadus*, 2020 WL 4784686, at *2 (N.D. Tex. Aug. 18, 2020).

B.      *Lomg Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Regardless of whether Long exhausted her administrative remedies, she has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] In particular, extraordinary and compelling circumstances may exist if the defendant "suffer[s] from a serious physical or medical condition . . . that substantially diminishes [her] ability . . . to provide self-care within the environment of a correctional facility and from which . . . she is not expected to recover." *Id.* In addition, the defendant must not pose a danger to the community. *See* § 1B1.13(2).

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of her compassionate-release request—irrespective of a denial. *See id.* at *5.

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See, e.g.*, *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11); s*ee also United States v. Rivas*, — F. App'x —, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"). The Court does the same here and concludes that Long has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

To start, Long's "Ghost Dope" and "851 Enhancement" arguments have no bearing on a request for compassionate release brought under § 3582(c)(1)(A). *See* Doc. 3451, Def.'s Mot., 8–11. Essentially, Long makes these two arguments to challenge the factual basis underlying the enhancements applied to her sentence. *Id.* However, a motion for compassionate release is not the proper mechanism to challenge the validity of a federal sentence. *See, e.g.*, *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A [28 U.S.C. §] 2255 motion . . . provides the primary means of collateral attack on a federal sentence." (quotation marks and citation omitted)). Accordingly, the Court will not further address these arguments in reviewing Long's motion for compassionate release.

In further support of her request for compassionate release, Long explains that she suffers from "many pulmonary issue[s] that qualify as extraordinary and compelling[.]" Doc. 3451, Def.'s Mot., 5. Among these issues, Long lists chronic obstructive lung disease, asthma, obstructive sleep apnea, benign hypertension, allergic rhinitis, obesity, arthropathy, and hepatitis C. *Id.* at 6. Long

provides medical records substantiating her diagnoses. *Id.* at 13–23. However, she provides no argument or evidence as to the manageability of these conditions. *See generally id.* Importantly, Long does not demonstrate that these conditions "substantially diminish[ her] ability . . . to provide self-care within" Carswell FMC. *See* § 1B1.13(1)(A) & cmt. n.1. On the contrary, Long's medical records show that she is prescribed medication to treat her conditions while incarcerated. *See* Doc. 3451, Def.'s Mot., 13–23. While the Court does not discount the severity of Long's conditions or the unprecedented nature of COVID-19 and the outbreak of the virus in federal prisons across the country, the Court will not grant Long compassionate release based purely off her diagnoses. In general, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates with a certain medical condition. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020). Accordingly, Long has not demonstrated extraordinary and compelling reasons for her release, and her motion for compassionate release is **DENIED**.

Lastly, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors of § 3553. § 3582(c)(1)(A). But because Long failed to exhaust her administrative remedies and show extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today. In other words, even if the Court found that the § 3553 factors weighed in favor of Long's release, the Court would nonetheless deny Long's motion for failure to meet the exhaustion requirement and demonstrate extraordinary and compelling circumstances.

C.     *The Court Lacks Authority to Order Home Confinement.*

"In the alternative," Long asks that the Court grant her request "to finish her sentence on

a GPS monitor on home confinement." Doc. 3451, Def.'s Mot., 12. Even if the Court were inclined to grant this request, the Court lacks authority to place Long on home confinement. Requests for home confinement "are properly directed to the [BOP]." *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c)). Indeed, "neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement." *United States v. Miller*, 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) (citations omitted). Thus, the Court cannot consider transferring Long to home confinement.

## IV.

## CONCLUSION

Long's request for compassionate release under § 3582(c)(1)(A) fails because she has not proven exhaustion of her administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** Long's motion (Doc. 3451) **WITHOUT PREJUDICE**.

By denying Long's motion without prejudice, the Court permits Long to file a subsequent motion for compassionate release in the event she can both: (1) satisfy the exhaustion requirement and (2) provide evidence supporting a finding of extraordinary and compelling reasons for release.

SO ORDERED.

SIGNED: March 12, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE